### McDonald Community Federal Credit Union v. Presco
[Cite as 8 AOA 638]

*Case No. 89-T-4241*
*Trumbull County, (11th)*
*Decided November 9, 1990*

*Robert S. Fulton and Martin S. Delahunty, 1200 Metropolitan Tower, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*Daniel Daniluk, 2445 Belmont Avenue, P. O. Box 2186, Youngstown, Ohio 44504, for Defendants-Appellants.*

CHRISTLEY, P.J.
This is an accelerated calendar case.
In November 1988, appellee, the McDonald Community Federal Credit Union, initiated an action in the Niles Municipal Court against appellants, Michael and Terri Presco. The complaint alleged that appellants owed appellee $5,411.25, plus interest. Attached to the complaint was a copy of a promissory note appellants had allegedly signed in July 1987.
Although they were granted leave to plead after failing to respond to the complaint within twenty-eight days, appellants never filed an answer. In March 1989, appellee moved the trial court for summary judgment. Attached to this motion was the affidavit of appellee's office manager, who stated that appellants were delinquent on a loan and presently owed $5,442.25, plus interest.
In their response to the motion, appellants did not dispute any of the facts asserted in appellee's affidavit. Instead, appellants argued that the affidavit was not sufficient to warrant summary judgment, since appellee had failed to attach a sworn or certified copy of the promissory note to its motion.
On May 24, 1989, the trial court granted the motion for summary judgment and entered judgment in favor of appellee.
On appeal to this court, appellants have assigned the following as error:
"The Trial Court Improperly Granted Plaintiff-Appellee Summary Judgment."
In advancing this assignment in their brief, appellants have paraphrased their argument in the following manner:
"Plaintiff-Appellee's affidavit fails to comply with Civil Rule 56(E), and evidence necessary for summary judgment is not before the court."
In maintaining that the trial court erred in granting summary judgment, appellants advance the same argument which was raised in their response to appellee's motion. Appellants contend that the evidentiary materials appellee submitted with its motion were not sufficient to warrant summary judgment

because a copy of the promissory note was not properly before the court.

In support of this position, appellants cite Civ. R. 56(E). This section of the rule on summary judgment governs the form of affidavits submitted with the motion:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ***"

Pursuant to the last sentence in the quoted language, appellants argue that the copy of the note attached to the complaint was not a part of the evidentiary materials the court could consider in ruling on the motion; and thus appellee was required to attach a sworn or certified copy of the note to its motion.

In response to this argument, appellee refers to Civ. R. 56(C). This section states that in ruling upon a motion for summary judgment, the trial court can consider, *inter alia*, the parties' pleadings. Relying upon this provision, appellee asserts that the copy of the note attached to the complaint was "evidence" which the court could consider in rendering its decision on the motion.

Appellee's attachment of the copy to the complaint was in accordance with Civ. R. 10(D). When a copy of an account or other written instrument is attached pursuant to this procedure, it is considered a part of the complaint for all purposes. Civ. R. 10(C). This latter provision would certainly apply when the complaint is considered in the summary judgment context.

However, since Civ. R. 10(D) does not require the attachment of the original instrument, it has been stated that the rule is one of procedure and not of evidence. Browne, Browne on Ohio Civil Procedure (1987), 246. Moreover, the rule does not require that the attached copy comply with the rules of evidence. *Id.* Thus, the primary function of the rule is to give the defendant notice of the specific instrument on which the complaint is based.

In the majority of the cases in which the court has relied upon the pleadings in granting summary judgment, the review has been limited to a determination of whether the parties have admitted any facts. See, *e.g., Shifflet v. Thomson Newspapers, Inc.* (1982), 69 Ohio St. 2d 179. There is no authority for the proposition that either an allegation in a complaint or an attached exhibit can be considered "evidence" in the summary judgment context. Unlike the rest of the materials referred to in Civ. A. 56(C) (including depositions and answers to interrogatories), pleadings normally have no evidentiary value beyond any admissions of fact. Therefore, the parties' pleadings cannot be considered in the same manner as the other evidentiary material.

In interpreting Civ. R. 56(C), Ohio courts have consistently held that the rule sets forth an inclusive list of the materials which may be considered in determining a motion for summary judgment. See, *e.g., Spier v. American Univ. of the Caribbean* (1981), 3 Ohio App. 3d 28. If a document does not fall within one of the listed categories, it can only be introduced as proper evidentiary material when it is incorporated by reference in an affidavit. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App. 3d 220. As to the proper procedure for submitting an affidavit in the summary judgment context, Civ. R. 56(E) states, in pertinent part:

"*** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ***"

In relation to motions for summary judgment concerning claims similar to the one in the instant case, prior courts have held that the moving party must attach the relevant documents, such as the loan records, to the affidavits which refer to them. See, *e.g., Lorain National Bank v. Davidson* (Oct. 5, 1983), Lorain App. No. 3511, unreported. Moreover, it has also been held that only attached documents which have been properly authenticated can be considered. *Associates Financial Services Corp. v. Johnson* (Jun. 21, 1989), Hamilton App. No. C-880313, unreported; *Wray v. Cincinnati Gas & Electric Co.* (May 22, 1985), Hamilton App. No. C-840360, unreported. To satisfy this latter require-

ment, the affidavit must merely state that the attached materials are true copies and reproductions of the original documents. *State, ex rel. Corrigan, v. Seminatore* (1981), 66 Ohio St. 2d 459.

In the instant case, appellee did not attach any documents to the affidavit which was submitted with its motion. Instead, appellee chose to rely solely upon the averments of its office manager, who stated that appellants were delinquent on their loan and presently owed $5,442.25. In making this assertion, the manager did not refer to the promissory note, which had formed the basis of the claim raised in appellee's complaint.

In relation to the specific issue raised in appellants' sole assignment, this court does not interpret Civ. R. 56(E) to require a party to attach a second copy of a document to its motion when one copy is already properly of record. While attaching a second copy to the motion would certainly be good practice in that it aids the trial court in considering the motion, there is no authority in this state for the proposition that the failure to follow this procedure renders the document inadmissible in the summary judgment context.

However, referring by affidavit to a document which is already a part of the record does not relieve the party of its obligation to properly authenticate that document. Fulfilling this second requirement is especially important when the party's claim is based entirely on the document. Under the best evidence rule, as now stated in Evid. R. 1002, the statements of the office manager in her affidavit were not admissible to establish appellants' liability. Unless the originals had been lost, appellee was required to introduce the promissory note or the underlying contract. Thus, the manager's affidavit was not sufficient to warrant the granting of summary judgment.

Notwithstanding the foregoing analysis, this court still concludes that the trial court did not err in granting appellee's motion. As noted earlier, appellants never filed an answer to appellee's complaint. By failing to do so, appellants admitted all of the allegations in the complaint. See, *Farmers & Merchants State & Savings Bank v. Raymond G. Barr Enterprises* (1982), 6 Ohio S. 3d 43. Under Civ. R. 56(C), the trial court can consider these admissions in ruling on the motion. Moreover, these admissions constitute suffi-

cient grounds to warrant judgment in appellee's favor.

Accordingly, appellants' sole assignment of error is without merit, and the judgment of the trial court is affirmed.

MAHONEY, J., concurs.

FORD, J., concurs with concurring opinion.

FORD, J., concurring.

While I concur in the majority opinion's rationale, I am more persuaded as to the soundness of the trial court's decision by another cogent submission in this case. In my view, the affidavit of appellee's office manager provided a more than ample predicate for summary judgment itself, without any need for referenced incorporation of the promissory note involved here. That affidavit amplified the pleadings here. It stated in unequivocal fashion that it was made by appellee's office manager who averred under oath that a loan existed between appellants and appellee, that the loan was delinquent, and that the amount due and owing was $5,442.25. Since appellants failed to file an answer to appellee's complaint, and also failed to file any matter contra this aspect of appellee's motion for summary judgment with its attendant affidavit, the trial court had no alternative but to grant summary judgment. The promissory note in question, in this writer's view, is in the character of a nonissuable plea, and thus does not determine the merits of this case. Thus, the affirmation of the trial court's order is most proper.