[Cite as *Weiler v. Google, L.L.C.*, 2023-Ohio-3357.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| SHAWN WEILER, | : | |
| Plaintiff-Appellant, | : | No. 112038 |
| v. | : | |
| GOOGLE LLC., ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV- 22-963458

### *Appearances:*

Shawn Weiler, *pro se.*

Vorys, Sater, Seymour and Pease LLP and James A. Wilson, and Karey E. Werner, *for appellee* Google LLC.

VASVARI│ZIMMERMAN, Raymond V. Vasvari, Jr., and K. Ann Zimmerman, *for appellee* Think Computer Corporation.

FARUKI PLL, Erin E. Rhinehart and Raika N. Casey, *for appellees* Portfolio Media, Inc., Justia, UniCourt, Inc., Free Law Project, and Casetext, Inc.

Graydon Head & Ritchey LLP, and John C. Greiner, *for appellee* PacerMonitor LLC.

EMANUELLA D. GROVES, J.:

{¶ 1}  Plaintiff-appellant, Shawn Weiler ("Weiler"), appeals the trial court's judgment granting summary judgment in favor of defendants-appellees, Google LLC, ("Google"); Portfolio Media, Inc., Justia, Unicourt Inc., Free Law Project, and Casetext, Inc., collectively ("Portfolio"); Think Computer ("Think"); and PacerMonitor LLC. ("Pacer"), collectively, ("Appellees"), on his claim for libel.  For the reason set forth below, we affirm.

**Procedural History and Factual Background**

{¶ 2}  On October 23, 2017, Weiler sued the Internal Revenue Service in the United States District Court for the Northern District of Ohio in a dispute over his federal income tax.  The records pertaining to the lawsuit were publicly available on Pacer, the federal court's electronic filing system.  Weiler subsequently appealed the decision from his federal suit on August 1, 2019.  During the four years that followed, Weiler had difficulty finding employment.  He eventually learned from a job recruiter that a potential employer refused to hire him because an internet search of his name revealed the lawsuit and appeal against the government.

{¶ 3}  Weiler conducted his own internet search of his name, utilizing the Google search engine.  The search returned the results of his federal lawsuit on several websites.  Weiler attempted to remove any reference to the lawsuit from online public access.  On May 13, 2022, Weiler filed a complaint in the Cuyahoga County Court of Common Pleas along with a motion for a temporary restraining

order against Appellees, alleging libel for their roles in indexing, linking, or otherwise making the records of his federal lawsuit available online to the public.

{¶ 4} The trial court denied Weiler's motion for a temporary restraining order on May 18, 2022, and motion for reconsideration on July 7, 2022, because Weiler failed to allege an essential element of his libel claim; therefore, he was unlikely to prevail on the merits of his claim. Weiler filed an amended complaint on June 24, 2022.

{¶ 5} In pertinent part, Weiler alleged that Google recklessly indexes websites with no regard for the consequences of its search results. Weiler claims that Pacer allows Google to return search results from its website without his permission, allowing access to his personal, sensitive information. As a result, Weiler's reputation has been damaged and he has been unable to obtain suitable employment. As a proximate result, Weiler has suffered economic loss. Weiler alleged six additional counts for libel, accusing Google in each count of recklessly indexing websites and making the same allegations outlined in Count 1, against each of the remaining Appellees individually in Counts 2-6.

{¶ 6} On June 29, 2022, and September 19, 2022, Appellees filed motions to dismiss Weiler's amended complaint pursuant to Civ.R. 12 (B)(6), based on his claim being time-barred and Weiler's failure to allege that any of the Appellees made a false statement. The trial court granted Appellees' motions on July 14, 2022, and October 11, 2022, respectively. The trial court's journal entries state that plaintiff's

claims are time-barred and he failed to allege falsity, a required element of a libel

claim. Weiler now appeals and raises six assignments of error for our review:

### Assignment of Error No.1

The trial court erred in denying Plaintiff-Appellant's motion for a temporary restraining order.

### Assignment of Error No. 2

The trial court erred in denying Plaintiff-Appellant's motion for reconsideration.

### Assignment of Error No. 3

The trial court erred in granting Defendant-Appellee Google's Motion to Dismiss Plaintiff's Amended Complaint.

### Assignment of Error No. 4

The trial court erred in granting Defendants-Appellees Portfolio Media, Inc., Justia, Unicourt Inc., Free Law Project, and Casetext, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint.

### Assignment of Error No. 5

The trial court erred in granting Defendant-Appellee Think Computer's Motion to Dismiss Plaintiff's Amended Complaint.

### Assignment of Error No. 6

The trial court erred in granting Defendant-Appellee PacerMonitor LLC's Motion to Dismiss Plaintiff's Amended Complaint.

## Law and Analysis

{¶ 7} Weiler argues the trial court erred when it granted the Appellees'

motions to dismiss his claims as time-barred and for failure to state a claim upon

which relief can be granted. Additionally, Weiler asserts the trial court should have granted his motions for a temporary restraining order and reconsideration.

{¶ 8} For ease of analysis, we will address the assignments of error in combination and out of order as necessary. We will begin with the third through sixth assignments of error.

**Motion to Dismiss**

**Standard of Review**

{¶ 9} A motion to dismiss, pursuant to Civ.R. 12(B)(6), is reviewed under the de novo standard. *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). We must consider whether genuine issues exist for trial. *Id.* "'A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint.'" *Butorac v. Osmic*, 8th Dist. Cuyahoga No. 111777, 2023-Ohio-1812, ¶ 29, quoting *NorthPoint Props.* at ¶ 11. The reviewing court must accept all the factual findings of the complaint, and all reasonable inferences must be considered in favor of the nonmoving party. *Id.*, citing *NorthPoint Props.,* citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). The moving party is entitled to a dismissal for failure to state a claim upon which relief can be granted if it is clear from the four corners of the complaint that the plaintiff is unable to prove any set of facts entitling him to relief. *Butorac* at ¶ 30.

**Law and Analysis**

{¶ 10} Weiler argues the trial court erred when it granted Appellees' motions to dismiss his libel claim for failing to allege falsity, an essential element of a libel claim, and being time-barred. We will first address the falsity element.

{¶ 11} In order to survive a motion to dismiss a defamation claim, a private person who makes a claim for libel must allege: "(1) a false statement of fact was made about the plaintiff, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement." *Hartman v. Kerch*, 8th Dist. Cuyahoga No. 111928, 2023-Ohio-1972, ¶ 34. "Defamation includes both libel and slander. Libel refers to written or printed defamatory words, while slander refers to spoken defamatory words." (Citation omitted.) *Dudee v. Philpot*, 2019-Ohio-3939, 133 N.E.3d 590, ¶ 9 (1st Dist.).

{¶ 12} Here, the subject of Weiler's libel claim are the court documents regarding his lawsuit against the Internal Revenue Service. Notably, case documents are generally open to the public. *State ex rel. Cincinnati Enquirer v. Shanahan*, 166 Ohio St.3d 382, 2022-Ohio-448, 185 N.E.3d 1089, ¶ 1. Weiler claims public access to this information has affected his employment prospects. Due to the widespread public access to his lawsuit information, Weiler argues that falsity is not required to prove his libel claim. We disagree. "'Truth is an absolute defense against a claim of defamation.'" *Woods v. Sharkin*, 2022-Ohio-1949, 192 N.E.3d 1174, ¶ 55 (8th Dist.), quoting *Shifflet v. Thomson Newspapers (Ohio), Inc.,* 69 Ohio St.2d 179,

183, 431 N.E.2d 1014 (1982). It is well settled that to prevail, a private person making a defamation claim must prove a false and defamatory statement was made about the claimant. *Horn-Dahly v. Pool*, Summit C.P. No. CV-2013-010232, 2013 Ohio Misc. LEXIS 22016 (May 8, 2013). Since falsity is an essential element of a defamation claim, a true statement cannot provide the basis for such an action. *Hartman v. Kerch, 2023-Ohio-1972,* ¶ 37. Also, facilitating public access to Weiler's information that may be unfavorable, although truthful, is not defamation. Given Weiler's failure to allege any false statement made by Appellees, his claim of defamation fails.

{¶ 13} The trial court did not err when it granted Appellees' Civ.R. 12(B)(6) motions to dismiss because Weiler's complaint failed to state a claim upon which relief could be granted.

{¶ 14} Moreover, the complaint alleges that Google recklessly indexed content from the other Appellees' websites without regard to the consequences of the search results. This additional allegation against Google is slightly different than the other allegations. Google's search engine permits users to input queries and retrieve information, web pages, images, videos, and other content from its extensive database of indexed websites. Google was named in each count of the complaint; however, Weiler does not allege that Google made any statements about him. Rather, he complained that Google provided unfavorable search results to potential employers. Having failed to allege that Google made a false statement

about him, Weiler has not demonstrated that he has a claim for libel against Google. Accordingly, Google is entitled to dismissal pursuant to Civ.R. 12(B)(6).

{¶ 15} Finally, Weiler argues that the trial court erred when it found his claims were time-barred, providing another basis for dismissal. Weiler fails to offer a legal basis for his argument that his libel claims are not time-barred. Consistent with App.R. 12(A)(2), a reviewing court "'may disregard an assignment of error if an appellant fails to cite any legal authority in support of an argument as required by App.R. 16(A)(7).'" *Barry v. White,* 8th Dist. Cuyahoga No. 111943, 2023-Ohio-1570, ¶ 11, quoting *Ohio Div. of Secs. v Treece,* 6th Dist. Lucas No. L-21-1191, 2022-Ohio-3267, ¶ 13. Accordingly, we will not consider whether Weiler's claims are time-barred on appeal.

**Restraining Order**

**Standard of Review**

{¶ 16} Turning to the first assignment of error, Weiler alleges the trial court erred when it denied his motion for a restraining order. A temporary restraining order is an extraordinary remedy that rests within the sound discretion of the trial court. *Perkins v. Quaker City*, 165 Ohio St. 120, 133 N.E.2d 595 (1956). The standard of review for a trial court's decision to grant or deny a temporary restraining order is abuse of discretion. *Brookville Equip. Corp. v. Cincinnati*, 1st Dist. Hamilton No. C-120434, 2012-Ohio-3648, ¶ 10. An abuse of discretion is conduct that is ""unreasonable, arbitrary or unconscionable."" *State v. Hill*, Slip Opinion No. 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley* 152 Ohio St.3d 470,

2018-Ohio-16, 97 N.E.3d 474, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Law and Analysis**

{¶ 17} Before a trial court issues a temporary restraining order ("TRO"), the plaintiff must demonstrate he will suffer irreparable harm without the TRO; the harm outweighs the injury to the defendant and others; the public interest would be served by issuing the TRO and that he is likely to prevail on the merits in the underlying action. *Mike Lapine, Inc. v. Cleveland Business Show, Inc.*, 8th Dist. Cuyahoga No. 50028, 1986 Ohio App. LEXIS 6131, 7 (Mar. 27, 1986).

{¶ 18} Since Weiler failed to allege falsity, he cannot prevail on his underlying claims. Therefore, the trial court did not err when it denied Weiler's motion for a temporary restraining order.

Conclusion

{¶ 19} Due to Weiler's failure to allege falsity, an essential element to a libel claim, the trial court did not err in granting Appellees' motions to dismiss. Additionally, Weiler's failure to provide a legal basis against the trial court's decision that the complaint was time-barred, results in this issue being disregarded. Finally, considering our resolution of Weiler's first assignment of error, his second assignment of error is moot and we need not consider whether the trial court erred in denying Weiler's motion for reconsideration. App.R. 12(A)(1)(c).

{¶ 20} Accordingly, Weiler's assignments of error are overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the commons pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR