Marshall, C. J.
 

 In the petition in this suit, the plaintiff Crecelius did not allege that the publication was contained in a pleading, and the defendant
 
 *212
 
 therefore answered stating that' the alleged defamatory matter was a part of an answer to a suit then pending, and that the matter contained in the answer was material and relevant to the issue. It did not sufficiently appear in the petition that the situation was such as to give rise to the privilege, and for this reason the case came on for trial. The statement of the case to the jury by counsel for Crecelius made it clear that a suit was pending upon an insurance policy, and that the insurance company defended on the ground that Crecelius had willfully caused the loss, and that the fire was of incendiary origin, and that there was an intentional fraud on the part of Crecelius. The further statement of counsel was in substance that the answer in the suit upon the policy was not in good faith, but that it was false and malicious and intended to injure the good name of Crecelius.
 

 The defendant having demurred to counsel’s statement as to what he expected to show by the evidence, and that demurrer having been sustained, the statement of Crecelius, and every part thereof, must be accepted as true. If the Court of Appeals correctly reversed the court of common pleas, it must be upon the theory that if the answer in the suit upon the policy was false and malicious there can be a recovery in the libel suit. This becomes the sole legal question for our determination.
 

 This question is by no means a new one. The English rule is that no action will lie against a party to an action for any defamatory statement made by him in a pleading, either in civil or criminal proceedings, even though such statement is false and malicious, and even though irrelevant to the matter
 
 *213
 
 in issue. The American rule by the great weight of authority differs only from the English rule in that the alleged defamatory matter must be relevant and material to the issue in order to be privileged. The authorities are so overwhelming on this point that it is not necessary to cite or discuss them. The contrary rule prevails only in the state of Louisiana, which has the civil law, and in one or two other jurisdictions in this country.
 

 It is apparent that the Court of Appeals reversed the judgment of the court of common pleas upon the authority of
 
 Kintz
 
 v.
 
 Harriger,
 
 99 Ohio St., 240, 124 N. E., 168, 12 A. L. R., 1240. That was a case of malicious prosecution, and it is needless to say that a different rule prevails in such cases. The Court of Appeals was probably misled by the discussion in the opinion of the case of
 
 Lanning
 
 v.
 
 Christy,
 
 30 Ohio St., 115, 27 Am. Rep., 431. The latter case was a suit for libel and the syllabus states:
 

 “An action will not lie for statements contained in an answer alleged to be libelous, if such statements were honestly made, without malice, and if they were relevant, believed by defendant to be true, and were made upon probable cause, and under advice of counsel.”
 

 It does not follow that all of those conditions must prevail in order to constitute the privilege. The court in that case was deciding the questions which were before the court. All of those conditions having been shown to exist, it was not necessary for the court to go further and to declare that the statements contained in the answer, though malicious, would not give rise to an action for libel if they had been material to the issue, not believed by defendant
 
 *214
 
 to be true, not made upon probable cause, and not made under the advice of counsel. In the opinion of Judge Wright in that case, a number of authorities were cited which state the rule as one of absolute privilege, and on page 119 of 30 Ohio St., 27 Am. Rep., 431, it was particularly stated:
 

 “It is not necessary for us to consider the many difficult questions which might arise in cases other than the one before us. The answer we are considering upon this demurrer, avers that the statements made, which were alleged to be scandalous, were honestly made, without malice; that they were relevant, believed to be true, with probable cause for such belief; and, further, that the statements were made upon the advice of counsel. Such an answer sets forth a good defense, and the court erred in sustaining a demurrer to it.”
 

 In the instant case, the issue is more squarely made. Taking the statement of counsel for Creeelius to be true, and construing it in a sense most unfavorable to the insurance company, it must yet be said that the answer though untrue, malicious, and not in good faith, was nevertheless made in the course of an answer, which answer was relevant to the issue tendered by the petition.
 

 The reason for the rule of absolute privilege has never been discussed in any case heretofore decided by this court, and it should therefore be stated that the rule found its origin in the feeling that great mischief would result if witnesses in courts of justice were not at liberty to speak freely, and if they could not feel an assurance that they would not be subject to suits for slander and libel as a result of testimony freely given. It is of course equally neces
 
 *215
 
 sary that attorneys should he fully protected in counseling testimony, pleadings, and other proceedings in the usual and regular course of the trial of litigated cases, and for the same reasons that other court officials, including the judge who hears and decides causes, may be unfettered in the discharge of official duties, and may not be deterred from a fearless performance of official duties by a fear of actions for defamation. The rule is grounded upon public policy, and it is of course recognized that as an incidental result it may in some instances afford immunity to the evil disposed and the malignant slanderer. A witness who offers perjured testimony may of course be subjected to criminal prosecution. Officials who transgress the proprieties without justification may of course be subjected to contempt proceedings. The right to sue for damages for malicious prosecution applies to both civil and criminal causes in this state, and this is of itself an additional safeguard. By the great weight of authority, therefore, the courts have stood firm in declaring that no suit for defamation can be based upon defamatory matter published in judicial proceedings, where such matter is material and relevant to the issue. A contrary rule would manifestly result in a multitude of slander and libel suits, which would not only bring the administration of justice into disrepute, but would, in many instances, deter an honest suitor from pursuing his legal remedy in a court of justice.
 

 The court of common pleas did not err in sustaining the demurrer to the statement, and the Court of Appeals erred in reversing the judgment of the court of common pleas.
 

 There is one paragraph in the statement made by
 
 *216
 
 counsel to the jury which must be referred to lest it may appear that we have overlooked it in the course of our deliberations:
 

 ‘ £ The evidence will further show that Mr. Minor, as attorney for the defendant, a short time before this answer was filed, said to Mr. Crecelius: £Mr. Crecelius, I know that you are not — that you didn’t burn this building. We know that, but we are going to do everything that we can to win this law suit. You can’t afford to go ahead with this law suit on account of the reputation of yourself and the reputation of your family. ’ ’ ’
 

 By the demurrer, and for the purposes of the demurrer, this statement must be taken as true. This is of course a very serious charge. It does not appear that the alleged statement of the attorney was made with the knowledge of the insurance company, or that the insurance company is bound in any way by that statement. If that statement is true, it will not affect the absolute character of the rule of privilege.
 

 The judgment of the Court of Appeals will be reversed, and the judgment of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Kjnkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.