JUSTICE, APPELLANT, *v.* MOWERY, APPELLEE.

(No. 80AP-148—Decided July 10, 1980.)

*Ms. Eunice Justice, pro se.*
*Mr. James S. Mowery, Jr., pro se.*

McCORMAC, J.   Plaintiff-appellant, Eunice Justice, sued defendant-appellee, James S. Mowery, Jr., an attorney, for $1,000,000 in damages, alleging that he made false and defamatory statements against her in his pleadings, briefs and oral statements during the course of prior litigation in which defendant represented the opposing party to plaintiff herein.

In the present case, defendant failed to answer and the case was heard by the court, a jury having been waived. After presentation of plaintiff's evidence, the trial court found that plaintiff failed to prove her case and was not entitled to judgment.

Plaintiff has appealed, asserting the following assignments of error:

(1) "The Court erred in not awarding plaintiff a default judgment."

(2) "The verdict returned was against the manifest weight of the evidence."

(3) "The Court errored [*sic*] in that it did not give a declaratory judgment as requested or demanded by plaintiff, and did not rule on the demand."

Plaintiff's assignments of error are combined for discussion as they are interrelated.

The trial court found that the evidence showed that defendant had been served with summons and had defaulted. Hence, pursuant to Civ. R. 8(D), the trial court should have deemed averments in plaintiff's pleading admitted. The record is ambiguous as to whether the trial court, in stating that plaintiff had not proved a case for damages, meant that she had not proved the truth of the averments in her pleading, *i.e.,* that defendant made false and defamatory statements against her in the course of representing a client in litigation against her, or whether the trial court meant that, even if those allegations were proved, plaintiff could not recover. If the trial court intended the former, the ruling was incorrect as the allegations of the complaint are deemed admitted by the failure to answer. (Defendant states in this court that he did not answer because he was not served with summons; however, that statement cannot be considered at this stage, not being reflected by anything in the record before this court.)

The trial court's judgment, even though it *may* have been for the wrong reason, is affirmed, as defendant has an absolute immunity to the action which can be ascertained from the face of the complaint and exhibits.

The only allegations of libel and slander against defendant relate to his conduct in the litigation of a landlord-tenant case where he represented the tenant against the landlord (plaintiff herein).

An attorney has absolute immunity against a libel and slander action for statements made representing a client in the course of litigation, either in the pleadings, the briefs, or in oral statements to the judge and jury, so long as the defamatory matter may possibly bear some relation to the judicial proceeding. See *Erie County Farmers' Ins. Co.* v. *Crecelius* (1930), 122 Ohio St. 210; Annotation 38 A.L.R. 3d 272; Annotation 61 A.L.R. 2d 1300; and Annotation 32 A.L.R. 2d 423.

The great weight of authority is that attorneys conducting judicial proceedings are privileged from prosecution for libel and slander in respect to words or writings used in the course of such proceedings when the words and writings are material and pertinent to the question involved, regardless of how false,

malicious, or injurious they may be. In determining whether the words and writings are relevant to the subject of inquiry, great liberality is to be used, as otherwise a party or his attorney may be deterred from prosecuting an action vigorously by fear of personal liability for libel and slander. All of the allegations herein, applying the liberal rule of relevance, fall within the range of privileged matter.

Although the result may be harsh in some instances and a party to a lawsuit may possibly be harmed without legal recourse, on balance, a liberal rule of absolute immunity is the better policy, as it prevents endless lawsuits because of alleged defamatory statements in prior proceedings. Sufficient protection from gross abuse of the privilege is provided by the fact that an objective judge conducts the judicial proceedings and that the judge may hold an attorney in contempt if his conduct exceeds the bound of legal propriety or may strike irrelevant, slanderous or libelous matter.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and STEPHENSON, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.