O'BRIEN, APPELLANT, *v.*
STEIN, APPELLEE.

(Nos. 87AP-970 and 87AP-1095—Decided April 28, 1988.)

*Charles William O'Brien, pro se.*
*Paxton & Seasongood* and *Earle Jay Maiman,* for appellee.

STRAUSBAUGH, J. These are appeals by plaintiff, *pro se,* from two judgments rendered by the Franklin County Court of Common Pleas. The first judgment sustained defendant's motion for summary judgment while the second overruled plaintiff's motion for relief pursuant to Civ. R. 60(B). Also before the court is defendant's motion to dismiss both appeals.

These matters arise from a suit which was instituted against plaintiff, Charles William O'Brien, by his sister,

Beth P. O'Brien, to collect on a certain promissory note. During the course of that case, the trial judge held a hearing in chambers with the parties' attorneys. One of the attorneys was defendant-appellee, Jacob K. Stein ("defendant").

Subsequently, on July 2, 1987, plaintiff filed a complaint for slander against defendant alleging that certain of defendant's remarks at the conference were untrue, unwarranted and made with specific intent to improperly influence the pending judicial proceedings. Defendant answered and moved for summary judgment on the basis that even if the allegations of the complaint were taken as true, defendant was entitled to absolute immunity against plaintiff's claims since the statements were made by an attorney in the course of judicial proceedings. Plaintiff then moved the court to continue the hearing on the summary judgment motion until such time as plaintiff could complete his discovery of defendant. Apparently, in response to plaintiff's previous discovery attempts, defendant had moved for a protective order and an order quashing the subpoena.

The trial court, on September 16, 1987, granted defendant's motion for summary judgment while overruling all of plaintiff's pending motions. The court specifically found that regardless of plaintiff's ability to obtain discovery, defendant's statements were entitled to absolute immunity since they were made in the course of judicial proceedings. Plaintiff then moved the court for relief from that judgment pursuant to Civ. R. 60(B). During the pendency of that motion before the trial court, plaintiff filed an appeal in this court from the summary judgment. On the day plaintiff filed his notice of appeal from the summary judgment, the trial court entered a judgment overruling plaintiff's Civ. R. 60(B) motion. Plaintiff then commenced an appeal from that judgment as well.

These appeals were consolidated for our review and plaintiff now presents three assignments of error:

"1. The trial court committed prejudicial error by applying an incorrect standard in granting defendant's motion for summary judgment and dismissing plaintiff's complaint, as construing the affidavit presented by defendant Stein in a light most favorable to plaintiff, genuine issues of material fact and questions of law remained.

"2. The trial court committed prejudicial error by failing to grant plaintiff's request for discovery prior to the granting of the summary judgment motion pursuant to Rule 56.

"3. The trial court committed prejudicial error in not ruling on plaintiff's motion to compel discovery, motion to extend time and plaintiff's motion to strike, dismiss or grant default judgment prior to ruling on defendant's motion for default judgment thereby denying plaintiff's rights to due process."

Although plaintiff has also appealed from the judgment overruling his Civ. R. 60(B) motion, the only errors alleged on appeal pertain to the summary judgment. While plaintiff has not separately argued each of his assignments of error, he presents essentially two issues. First, plaintiff contends that the trial court applied an improper legal standard to the facts of this case. Specifically, plaintiff maintains that absolute immunity is available for an attorney as to statements which are made in the course of judicial proceedings so long as those statements bear some possible relationship to the proceedings. Here, plaintiff argues that defendant's statement to the trial judge in the underlying case has nothing to do with either the com-

plaint or the cross-complaint filed in that case.

Plaintiff's second contention takes issue with the failure of the trial court to grant plaintiff's motion for a continuance on the summary judgment motion pending completion by plaintiff of his discovery. Since plaintiff's discovery was directed at defendant's statement to the trial judge, plaintiff argues that the trial court abused its discretion when it denied his motion for a continuance.

Turning first to defendant's motion to dismiss, defendant maintains that because plaintiff has made reference in his appellate brief to issues not in the record and because plaintiff has failed to append to his brief pertinent material, pursuant to Loc. R. 6(F) of the Tenth District Court of Appeals, the court should dismiss plaintiff's appeal from the summary judgment. We disagree.

Although defendant is correct that this court has the discretion to dismiss plaintiff's appeal pursuant to Loc. R. 8(E) of the Tenth District Court of Appeals, we find that plaintiff's failure to technically comply with Loc. R. 6(F) of this court is not fatal to his appeal. All of the documents relevant to the disposition of this appeal are contained in the record. As such, dismissal of this appeal for such a technical reason would be inconsistent with the policy of deciding cases on their merits. Cf. *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644.

As to the merits of this appeal, an oral statement by an attorney to a judge has absolute immunity in a slander action when those statements are made while representing a client, so long as the defamatory matter bears some reasonable relation to the judicial proceeding in which it is uttered. Cf. *Surace* v. *Wuliger* (1986), 25 Ohio St. 3d 229, 25 OBR 288, 495 N.E. 2d 939;

*Justice* v. *Mowery* (1980), 69 Ohio App. 2d 75, 23 O.O. 3d 100, 430 N.E. 2d 960. The issue is not whether the allegation is true or false, but rather whether the statement bears some reasonable relationship to the judicial proceeding from which it emanated. *Erie County Farmers' Ins. Co.* v. *Crecelius* (1930), 122 Ohio St. 210, 213-214, 171 N.E. 97, 98; *Surace, supra,* at 235, 25 OBR at 293, 495 N.E. 2d at 944, fn. 2. Whether the alleged defamatory statement is to be accorded privileged status within the context of a particular case is a question of law alone. *Mauk* v. *Brundage* (1903), 68 Ohio St. 89, 67 N.E. 152, paragraph two of the syllabus; *Surace, supra,* at 234, 25 OBR at 293, 495 N.E. 2d at 944.

Given this state of the law, it is clear that plaintiff's invocation of the Civ. R. 56(C) standard for rendering summary judgments misses the mark. Whether Stein's statement to the judge bore some reasonable relation to the pending suit was solely a question of law. As such, there was no inference to be drawn regarding defendant's statement.

Here, the alleged statement was made during a pretrial conference to the judge in response to a question regarding the viability of a settlement. Irrespective of the truth of that statement, it is clear that it was made in the course of Stein's representation of his client. Given the uncontroverted evidence that the statement was offered in response to a question posed by the judge, there is no question but that the statement was absolutely privileged. Although plaintiff seems to indicate that his verified complaint put into issue the purpose of the pretrial conference, our review of that complaint fails to substantiate that position. Even assuming, as plaintiff urges, that the purpose of the pretrial conference was solely to aid the trial judge in his understanding of the

issues prior to the hearing of plaintiff's motion for a temporary restraining order, it is equally clear that the alleged statement would have some reasonable relationship to that hearing. Since the setting of a bond is a necessary adjunct to a Civ. R. 65(A) proceeding, the statement is quite relevant to the amount of the bond. See Civ. R. 65(C). Based on the foregoing, plaintiff's first assignment of error is overruled.

Plaintiff, by way of his second and third assignments of error, maintains that the trial court erred when it failed to grant his motion for a continuance in order to obtain discovery from defendant. Whatever merit such argument may have otherwise, it has no application here. As previously noted, since the resolution of this question does not turn on such factual questions as Stein's intent, purpose or feelings toward plaintiff, the trial court correctly concluded that no amount of discovery in this respect would allow plaintiff to prevail. Thus, plaintiff's second and third assignments of error are overruled.

Having overruled plaintiff's three assignments of error in case No. 87AP-970 and there being no argument advanced by plaintiff in support of his appeal in case No. 87AP-1095, the judgments of the court of common pleas are affirmed.

*Judgments affirmed.*

WHITESIDE, P.J., and BOWMAN, J., concur.