JOURNAL ENTRY and OPINION
{¶ 1} Appellant Reverend Joseph Seminatore, Jr. appeals the trial court's order dismissing his complaint against various lawyers and their clients (hereinafter referred to by their respective names when appropriate).[1] Reverend Seminatore's complaint charges these parties defamed him, caused him to be held in a false light, and conspired to defame him with allegations that he sexually abused residents of Parmadale, some named and some unnamed residents. At the time of the allegations of child sexual abuse, Seminatore was a Roman Catholic priest assigned to Parmadale as its chaplain; Parmadale is a facility for troubled youth located in Parma, Ohio. Seminatore assigns eight errors for our review.[2]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Reverend Seminatore filed his notice of appeal with this court challenging the trial court's order dated November 26, 2002, and its order dated October 14, 2003. In its November 26, 2002 order, the trial court dismissed Reverend Seminatore's false light complaint against the lawyers and their law firms; granted the lawyers' dismissal of the defamation claim as it applied to any alleged defamatory statements made in a civil action against Seminatore; granted the dismissal as to any statements lawyer Howard Schulman made to the Plain Dealer; any other statements not in these categories were not dismissed, but remained in the complaint with a proviso that they were subject to the lawyers' motion for a more definite statement; and denied Reverend Seminatore's request to convert the lawyers' dismissal motion into a summary judgment motion.
 {¶ 4} In its October 14, 2003 order, the trial court dismissed any defamation allegations as to Rodney Dukes, Moe, Doe, and any other Parmadale resident who was the subject of Seminatore's complaint; the trial court also dismissed any surviving claims in Seminatore's complaint against the lawyers not disposed of in its November 26, 2002 order. The court stated in paragraph 3 of its October 14, 2003 order "* * * plaintiff had not yet filed an amended complaint pursuant to the court's order. Therefore, the court dismisses the complaint against the attorney defendants." On December 10, 2003, the trial court issued a no just cause for delay order in this appeal.
 {¶ 5} The facts are not in dispute. Reverend Seminatore filed a three-count complaint against various lawyers and their clients claiming in Count I defamation, Count II false light, and Count III conspiracy to defame. The sum and substance of the complaint was that the resident youths Rodney Dukes, Richard Roe, Michael Moe, John Doe and others falsely accused him of sexually molesting them. Reverend Seminatore claimed the lawyers for these residents republished the false allegations to the Diocese of Cleveland and to the Plain Dealer.
 {¶ 6} It was undisputed that Reverend Seminatore was ordained as a Roman Catholic Priest in May 1969, and he served in various ministries assigned to him by the Diocese of Cleveland. In 1980, the Diocese of Cleveland assigned him to Parmadale.
 {¶ 7} Appellee Rodney Dukes resided at Parmadale in the mid-1980's for approximately nine months. He was fifteen-to-sixteen years old during that time.
 {¶ 8} On July 12, 2002, the attorney-appellees, Stephen Bloom and Howard Schulman, filed a lawsuit against the Catholic Diocese of Cleveland and Parmadale, on behalf of former residents of Parmadale in the mid-1980's, including Dukes. The lawsuit alleged that the former residents were fondled, molested, or inappropriately touched by Reverend Seminatore. Reverend Seminatore was not named as a defendant because of the expiration of the one-year statute of limitations.
 {¶ 9} On August 20, 2002, Reverend Seminatore filed suit against Bloom, Schulman, their respective law firms, and also against Dukes and two anonymous individuals designated as Richard Roe and Michael Moe. The suit alleged the attorneys and their clients defamed him, invaded his privacy, cast him in a false light, and conspired to defame him despite a two-month investigation by Cuyahoga County Children and Family Service, which had determined that no evidence existed to support Dukes's claim. As a result of these allegations, the Diocese of Cleveland immediately suspended and evicted him from his residence.
 {¶ 10} Reverend Seminatore specifically contends Attorney Howard Schulman publicly stated in the Plain Dealer on July 12, 2002, "that in light of the history of child abuse complaints against Plaintiff hidden by DOC, he expected and invited further accusers of Plaintiff to surface * * *." As a result, the Diocese of Cleveland publicly confirmed his suspension.
 {¶ 11} In response, the attorney-appellees filed consolidated motions to dismiss, motion to strike, motion for a more definite statement and motion to stay discovery. The attorney-appellees argued (a) any statements they made were subject to an absolute privilege, because they related to a lawsuit that was previously filed, (b) Ohio does not recognize a cause of action for invasion of privacy under a "false light," (c) a party who has an absolute privilege cannot be sued for "conspiracy to defame," (d) the only actual statement alleged or characterized by Reverend Seminatore was falsely characterized by Reverend Seminatore, (e) the only statement alleged or characterized by Reverend Seminatore was a statement of "opinion" that could not form the basis for a defamation action, and (f) the allegations in the complaint were vague and conclusory so that the attorneyappellees did not know what they were being accused of and could not answer them without a more definite statement.
 {¶ 12} On November 26, 2002, the trial court dismissed the claim for "false light invasion of privacy," stating the Ohio Supreme Court has declined to recognize a cause of action for "false light invasion of privacy." The trial court also dismissed in part the claim for defamation with respect to the statements made by the attorney-appellees in the course of a civil action, stating such statements were subject to an absolute privilege. Additionally, the trial court dismissed the defamation claims based upon statements made by Attorney Schulman to the Plain Dealer, stating the statements were a protected expression of opinion for which he could not be held liable.
 {¶ 13} Finally, the trial court denied the motion to dismiss in all other respects subject to Reverend Seminatore filing a more definite statement pursuant to Civ.R. 12(E) and denied the motion to stay discovery.
 {¶ 14} Reverend Seminatore did not file a more definite statement; instead, he filed a motion for reconsideration and a motion for partial summary judgment. On January 23, 2003, the trial court denied Reverend Seminatore's motion for reconsideration and scheduled a case management conference for March 3, 2003, at which time he had to show good cause why the complaint should not be dismissed for failure to file a more definite statement of his claim.
 {¶ 15} On March 3, 2003, at the scheduled case management conference, the trial court dismissed the complaint against the attorney-appellees. The trial court stated Reverend Seminatore failed to present any argument or evidence as to why the complaint should not be dismissed against the attorney-appellees.
 {¶ 16} On March 26, 2003, the client-appellees filed a motion to dismiss and motion for a more definite statement. On May 5, 2003, the trial court ordered Reverend Seminatore to file a more definite statement specifically identifying each allegedly defamatory statement made by each defendant, when it was made, and to whom it was made. Thereafter, the trial court granted clientappellees' motion to dismiss the claims for "false light and invasion of privacy."
 {¶ 17} On June 4, 2003, Reverend Seminatore filed an amended complaint stating appellee Rodney Dukes called the Diocese of Cleveland on April 10, 2003, and made false statements to the executive secretary Eileen Fleisher. Reverend Seminatore contended these false statements were transmitted through the diocesan channels and caused much harm and damage to him. In response, the client-appellees renewed their motion to dismiss and asked the trial court to dismiss the claim for conspiracy to defame and all claims against defendants other than Dukes.
 {¶ 18} On October 17, 2003, the trial court granted the client-appellees' renewed motion to dismiss in part, dismissing the other two defendants, and dismissing the conspiracy to defame claim. Reverend Seminatore's sole remaining claim was against Rodney Dukes. The trial court made a finding on December 10, 2003 that there was "no just cause for delay." Reverend Seminatore now appeals.
 {¶ 19} In his first and second assigned errors, Reverend Seminatore argues in substance that the trial court erred in not converting the lawyers' Civ.R. 12(B)(6) motion to a motion for summary judgment and thereby allowing him discovery. We note that the trial court never impeded Reverend Seminatore's discovery rights. In fact, it denied the lawyers' request to stay discovery and gave Reverend Seminatore ample time to file a more specific complaint stating his case for defamation. The trial court has discretion as to whether it converts a motion to dismiss into a motion for summary judgment.[3] In this case, it did not abuse its discretion when it failed to so convert.
 {¶ 20} This brings us to Reverend Seminatore's third, fourth, and fifth assigned errors, which are some of the issues at the heart of this appeal. In these assigned errors, Reverend Seminatore argues the trial court erred in dismissing his defamation claims against the lawyers. We disagree.
 {¶ 21} When an appellate court reviews a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, it must independently review the complaint to determine whether the dismissal was appropriate.[4] The standard of review on a 12(B)(6) motion to dismiss is de novo.[5]
 {¶ 22} When construing a complaint challenged by a Civ.R. 12(B)(6) motion, a judge must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party.[6] Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[7] The judge, however, need not presume the truth of conclusions unsupported by factual allegations.[8]
 {¶ 23} "A complaint should not be dismissed for failure tostate a claim merely because the allegations do not support thelegal theory on which the plaintiff relies. Instead, [a judge]must examine the complaint to determine if the allegationsprovide for relief on any possible theory."[9]
 {¶ 24} To establish defamation, the plaintiff must show (1) that a false statement of fact was made; (2) that the statement was defamatory; (3) that the statement was published; (4) that the plaintiff suffered injury as a proximate result of the publication; and (5) that the defendant acted with the requisite degree of fault in publishing the statement.[10] As to the degree of fault, a private-figure plaintiff must prove by clear and convincing evidence that the defendant acted negligently.[11] Additionally, to be defamatory, a publication must be unprivileged.[12]
 {¶ 25} In the instant case, Reverend Seminatore alleges attorneys Bloom and Schulman republished Dukes's allegedly false claim that he was molested by Reverend Seminatore at Parmadale. However, to the extent the claim was republished in the complaint filed against the Catholic Diocese of Cleveland and Parmadale, the publishing of the allegation in the complaint cannot serve as the basis for a defamation claim. The doctrine of absolute privilege in a judicial proceeding bars a cause of action on an alleged defamatory statement made in a pleading which bears some reasonable relation to the proceeding in which it appears.[13] Further, an attorney has absolute immunity against a libel and slander action for statements made representing a client in the course of litigation, either in the pleadings, briefs, or in oral statements to the judge and jury, so long as the defamatory matter may possibly bear some relation to the judicial proceeding.[14]
 {¶ 26} Here, the complaint Bloom and Schulman filed against the Diocese of Cleveland and Parmadale was for damages based on Reverend Seminatore's alleged abuse of Dukes, Roe, Moe and possibly others. As such, the allegations against Reverend Seminatore were closely related to the subject of the lawsuit. Therefore, attorneys Bloom and Schulman cannot be held liable for defamation based on filing the complaint against the Diocese of Cleveland and Parmadale which included Dukes's allegations of abuse.
 {¶ 27} Reverend Seminatore also alleges that Schulman defamed him by stating to the Plain Dealer that, "in light of the history of child abuse complaints against Plaintiff hidden by DOC, he expected and invited further accusers of Plaintiff to surface."[15] A review of the Plain Dealer article attached to appellees' motion to dismiss reveals the story was reported as follows:
{¶ 28} "Lawyer Howard Schulman said he filed the lawsuit as aclass action because he suspects Seminatore's victims are toonumerous for all of them to file lawsuits individually.
 {¶ 29} "`We hope that those other victims will contact us andtell us what happened to them in confidence,' Schulman said."
 {¶ 30} Schulman's expression of his future expectations is a protected expression of opinion for which he cannot be held liable.[16] Further, when determining whether speech is protected opinion, we consider the totality of the circumstances. We look to the specific language at issue to see if the statement is verifiable, the general context of the statement, and the broader context in which the statement appeared.[17]
 {¶ 31} Reverend Seminatore's complaint alleged Schulman said he "expected and invited" further accusers to surface. Although, this statement appears to suggest there were other individuals who had been molested by Reverend Seminatore, it is not a false statement of fact. The specific language of the statement shows that it is an expression of Schulman's personal opinion as to the likelihood that Reverend Seminatore abused other youths at Parmadale. We conclude that when Schulman stated he "expected other accusers to surface," he was expressing his personal opinion with respect to whether additional victims would contact him to join in the lawsuit.
 {¶ 32} We now address Reverend Seminatore's defamation claim against the clientappellees.
 {¶ 33} The majority of the appellees concede Reverend Seminatore has stated a cognizable claim against Dukes regarding Dukes' telephone allegation to the Diocese of Cleveland as outlined in Reverend Seminatore's amended complaint.
 {¶ 34} Reverend Seminatore alleged appellee Christopher Shumney repeated Dukes' false statement to Mary Lightener, Matt Sathre, Jane Doe and others.[18] However, Reverend Seminatore also alleges that shortly after the publication to Mary Lightener and John Doe, Shumney acknowledged to Lightener and Doe that the allegations were "wholly false."[19] In addition, Reverend Seminatore alleges that Shumney admitted to Matt Sathre that the sexual molestating allegations were untrue and that he had informed his lawyers that the allegations were untrue.[20] Consequently, Shumney's statements were not defamatory because the listeners were told specifically that the claims of molestations were false.
 {¶ 35} Reverend Seminatore's remaining allegations against Shumney and Reed are not actionable because he admittedly cannot identify the specific names of the persons to whom the statements were allegedly made, the content of the statements, or the dates and times of the publication.
 {¶ 36} In assigned errors six and seven, Reverend Seminatore argues the lawyers conspired to defame him by publishing false allegations of child abuse to the Diocese of Cleveland, the news media, and to others. We disagree.
 {¶ 37} The elements of civil conspiracy in Ohio are: (1) a malicious combination, (2) two or more persons, (3) injury to person or property, and (4) existence of an unlawful act independent from the actual conspiracy.[21] Conspiracy cannot be made the subject of a civil action unless something is done which, in the absence of the conspiracy allegation, would give rise to a cause of action.[22] The unlawful act itself must be accomplished or completed before an action in civil conspiracy will lie.[23]
 {¶ 38} To the extent Reverend Seminatore's complaint might be construed as alleging state law claims against the attorney-appellees, any such claims would also be barred by absolute immunity. Absolute immunity was defined by the Ohio Supreme Court in Bigelow v. Brumley,[24] citing to 3 Restatements of Torts, 224, Section 584, as follows:
{¶ 39} "Privileges of the first class [absolute privileges]are based chiefly upon a recognition of the necessity thatcertain officials and others charged with the performance ofimportant public functions shall be as free as possible from fearthat their actions may have an adverse effect upon their ownpersonal interests. To accomplish this, it is necessary for themto be protected not only from liability but from the danger ofeven an unsuccessful civil action. This being so, it is necessarythat the propriety of their conduct shall not be indirectlyinquired into either by court or jury in civil proceedingsbrought against them for misconduct in office."
 {¶ 40} Based on the foregoing, Reverend Seminatore's conspiracy to defame claim against the attorney-appellees fails. Further, the only defamatory statement alleged is Rodney Dukes's call to the Diocese prior to retaining the attorney-appellees. Consequently, Dukes was acting alone and not in concert with the attorneys; therefore, the conspiracy to defame was properly dismissed. Accordingly, Reverend Seminatore's sixth and seventh assigned errors are overruled.
 {¶ 41} In the eighth assigned error, Reverend Seminatore argues the trial court erred in dismissing his claim for "invasion of privacy under a false light theory of recovery." We disagree.
 {¶ 42} The Ohio Supreme Court has never recognized a cause of action for "false light invasion of privacy."[25] Absent an authoritative pronouncement from the Ohio Supreme Court, we likewise have declined to recognize this tort,[26] and, accordingly, we affirm the judgment of the trial court dismissing this claim. Reverend Seminatore's eighth assigned error is hereby overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., Concur.
 Celebrezze, Jr., J., Concurs in judgment only.
 APPENDIX ASSIGNMENTS OF ERROR
"I. The trial court erred in dismissing, prior to any permitted discovery, plaintiff's defamation and conspiracy causes of action against defendants Duke, Shumney, Reed, Schulman, The Schulman Law Firm, Bloom and the Bloom Law Firm, by requiring in response to a motion for a more definite statement that a level of detail be pled by plaintiff, when the required level of detail was largely within the knowledge of the defendants and third parties."
"II. The trial court erred in denying plaintiff's motion to convert defendants' motion to dismiss into a motion for summary judgment and denying plaintiff's request for discovery contained in Rule 56 affidavit appended to such motion to convert."
"III. The trial court erred in dismissing plaintiff's defamation and conspiracy causes of action against defendants Reed, Shumney, Schulman, the Schulman Law Firm, Bloom and the Bloom Law Firm, by failing to accept as true the allegations of plaintiff's complaint and amended complaint, and the reasonable inferences therefrom, construing same in the light most favorable to plaintiff."
"IV. The trial court erred in according `absolute immunity' to the four `attorney' defendants' conduct and statements, in contravention of the `good faith' requirement imposed by the Restatement of Torts and the Ohio courts adopting same, given the specific allegations in the complaint, that such attorneys and law firms did not and could not be acting in good faith."
"V. The trial court erred in according `absolute immunity' to said attorney defendants' statements and conduct when they were pled as part of the conspiracy to defame, by seeking to recruit additional false complainants to participate in the conspiracy."
"VI. The trial court erred in dismissing the conspiracy allegations of the complaint when the detailed allegations of bad faith and other misconduct left no other possible conclusion and
(a) the complaint alleged and the defendants acknowledged one admitted act by one alleged co-conspirator in furtherance of the conspiracy, and
(b) the complaint alleged specific allegations of conduct and statements by defendant Schulman in furtherance of the alleged conspiracy in attempting to recruit additional false complainants to participate in the conspiracy, and
(c) the complaint alleged allegations of similar statements and conduct by the other defendants particularly in their effort to recruit other false complainants to participate in the conspiracy."
"VII. The trial court erred, following the filing of the amended complaint, which alleged with absolute specificity the attorney misconduct which implicated the attorneys in the conspiracy to defame, in failing to reinstate the complaint against all attorney defendants, who had been previously dismissed."
"VIII. The trial court erred in dismissing the `false light' allegations of the complaint against all said defendants."
[1] At times, the parties will be referred to as client-appellees (referencing Rodney Dukes, Richard Roe, Michael Moe, John Doe, and other unnamed clients), and, as attorney-appellees (referencing Howard Schulman, Stephen Bloom and their respective law firms).
[2] See Appendix.
[3] Petrey v. Simon (1983), 4 Ohio St.3d 154.
[4] Guess v. Wilkinson (1997), 123 Ohio App.3d 430, 433;Weiszner v. Krantz (Nov. 6, 1997), Cuyahoga App. 72236.
[5] Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228.
[6] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
[7] O'Brien v. University Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, syllabus; York v. Ohio State HighwayPatrol (1991), 60 Ohio St.3d 143, 144.
[8] Mitchell, 40 Ohio St.3d at 193.
[9] Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667.Mowery (1980), 69 Ohio App.2d 75. See Erie County Farmers'Insurance Co. v. Crecelius (1930), 122 Ohio St. 210; Battig v.Forshey (1982), 7 Ohio App.3d 72.
[10] Hersch v. E.W. Scripps Co. (1981), 3 Ohio App.3d 367,374; Mucci v. Dayton Newspapers, Inc. (1995),71 Ohio Misc.2d 71, 75.
[11] Lansdowne v. Beacon Journal Publishing Co. (1987),32 Ohio St.3d 176, 179-80.
[12] McCartney v. Oblates of St. Francis De Sales (1992),80 Ohio App.3d 345, 353.
[13] Surace v. Wuliger (1986), 25 Ohio St.3d 229, 233.
[14] Surace v. Wuliger (1986), 25 Ohio St.3d 229; Justicev. Mowery (1980), 69 Ohio App.2d 75. See Erie County Farmers'Insurance Co. v. Crecelius (1930), 122 Ohio St. 210; Battig v.Forshey (1982), 7 Ohio App.3d 72.
[15] Reverend Seminatore's Complaint at paragraph 35.
[16] Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 372;Greenbelt Coop. Publishing Assoc. v. Bresler (1970),398 U.S. 6, 14.
[17] Vail v. Plain Dealer Pub. Co. (1995), 72 Ohio St.3d 279, syllabus, citing Scott v. News-Herald (1986),25 Ohio St.3d 243; Wampler v. Higgins (2001), 93 Ohio St.3d 111, 117-18.
[18] First Amended Complaint at paragraph 24(c), (e), and (f).
[19] Id. at paragraph 24(e).
[20] Id. at paragraph 24(f).
[21] Universal Coach, Inc. v. New York City Transit Auth.,Inc. (1993), 90 Ohio App.3d 284, 292; Lowry-Greene v. BrightonHotel Corp. (Aug. 20, 1992), Cuyahoga App. No. 60838.
[22] Katz v. Banning (1992), 84 Ohio App.3d 543, 552; Palmerv. Westmeyer (1988), 48 Ohio App.3d 296, 300; Stafford v.Greater Cleveland Regional Transit Auth. (Dec. 23, 1993), Cuyahoga App. Nos. 63663 65530.
[23] See Kenty v. Transamerica Premier Ins. Co. (Nov. 18, 1993), 12th District No. 93AP-478 (citing 1 Cooley, Torts (4 Ed.) 234, Section 74); also see Prosser Keeton, Torts (5 Ed. 1984) 324, Section 46.
[24] (1941), 138 Ohio St. 574, 583-584.
[25] M.J. DiCorpo, Inc. v. Sweeney (1994), 69 Ohio St.3d 497,507, citing Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369,372.
[26] Ferreri v. Plain Dealer Pub. Co. (2001),142 Ohio App.3d 629, 643.