DECISION
{¶ 1} Plaintiff-appellant, John Fiore, appeals from the March 25, 2004 entry of dismissal of the Franklin County Court of Common Pleas dismissing, with prejudice, appellant's complaint under the rule announced in Justice v. Mowery (1980),69 Ohio App.2d 75, and for failing to state a claim upon which relief may be granted. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 6, 2004, appellant filed a complaint against defendants-appellees, Plating Technology, Inc., and Andrew R. Haney ("Plating Technology," "Attorney Haney" and "appellees" collectively), alleging libel and/or slander and/or defamation of character during the course of a civil deposition that took place on April 3, 2003. Specifically, appellant alleges that appellees falsely accused appellant of theft of certain office equipment from Plating Technology during his time of employment.
 {¶ 3} On February 23, 2004, appellees filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. On March 5, 2004, appellant filed a memorandum contra to appellees' motion to dismiss. On March 25, 2004, the trial court granted appellees' motion to dismiss. It is from this entry that appellant appeals, assigning the following as error:
First Assignment of error
It was error for the court to dismiss the complaint in regards to Plating Technology Inc. since the act complained of was outside of any proceeding involving the court of common pleas.
Second Assignment of error
It was error for the court to dismiss the defendant andrew haney since the act complained of did not occur as a part of a protected judicial hearing.
 {¶ 4} Appellant's two assignments of error are interrelated and, as such, will be addressed together. Appellant argues that appellees are not immune from liability, as the alleged defamatory statements he complained of were made during a deposition, which appellant maintains is not part of a protected judicial proceeding. We disagree.
 {¶ 5} In Justice, at 76-77, this court held:
An attorney has absolute immunity against a libel and slander action for statements made representing a client in the course of litigation, either in the pleadings, the briefs, or in oral statements to the judge and jury, so long as the defamatory matter may possibly bear some relation to the judicial proceeding. See Erie County Farmers' Ins. Co. v. Crecelius
(1930), 122 Ohio St. 210, 171 N.E. 97; Annotation 38 A.L.R.3d 272; Annotation 61 A.L.R.2d 1300; and Annotation 32 A.L.R.2d 423.
The great weight of authority is that attorneys conducting judicial proceedings are privileged from prosecution for libel and slander in respect to words or writings used in the course of such proceedings when the words and writings are material and pertinent to the question involved, regardless of how false, malicious, or injurious they may be. In determining whether the words and writings are relevant to the subject of inquiry, great liberality is to be used, as otherwise a party or his attorney may be deterred from prosecuting an action vigorously by fear of personal liability for libel and slander. * * *
 {¶ 6} In the case before us, the issue is whether Attorney Haney's statements were material and relevant to the deposition proceedings, or, in other words, whether those statements possibly bore some relation to the deposition proceedings. Appellees maintain that appellant was cross-examined at the deposition regarding his knowledge about thefts that occurred at Plating Technology while appellant was employed there. Appellees maintain that, because the statements made by Attorney Haney took place during a deposition, appellees are immune from liability for appellant's claims. We agree. The statements complained of, which are the subject of appellant's complaint, are privileged and cannot form the basis of a complaint for slander and/or libel. "[A] liberal rule of absolute immunity is the better policy, as it prevents endless lawsuits because of alleged defamatory statements in prior proceedings." Id. at 77. Appellant's two assignments of error lack merit.
 {¶ 7} For the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.