WILLIS & LINNEN COMPANY, L.P.A., et al., Appellees,

v.

LINNEN Jr. et al.; Whitschey, Appellant.

[Cite as *Willis & Linnen Co., L.P.A. v. Linnen,* 163 Ohio App.3d 400, 2005-Ohio-4934.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22452.

Decided Sept. 21, 2005.

Jeffrey L. Bramley and Jonathan M. Steingass, for appellees Willis & Linnen Co., L.P.A., and Mark Willis.

Gary A. Corrato and Lee Plakas, for appellee Mark Willis.

Michael Moran, for appellee R. Scott Haley.

Frank J. Witschey, pro se.

---

MOORE, Judge.

{¶ 1} Appellant, Frank J. Witschey, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of appellees, Mark Willis, Willis & Linnen Company, L.P.A., and R. Scott Haley. This court affirms in part and reverses in part.

I

{¶ 2} Appellant was hired to represent Jerome Linnen in a lawsuit involving Linnen, Mark Willis, Willis & Linnen Company, L.P.A., and Highland Square Management. This initial litigation began when Willis and Linnen decided to dissolve their joint law practice. At that time, Willis and Linnen disputed ownership rights of the real property that housed their practice. During those proceedings, appellant drafted an order that was signed by a visiting trial court judge, authorizing the eviction of Willis from the premises. The next day, that order was vacated by a different municipal court judge. The following day, on the apparent authority of the vacated order, Willis was evicted from the premises, his personal items having been boxed up during the pervious night.

{¶ 3} As a result of the eviction, Willis contacted the municipal court to inform it that he had been evicted. In turn, the municipal court issued a show-cause order, requiring appellant to demonstrate why he should not be held in contempt of the court's order vacating the eviction order. Appellant responded that his client had been executing self-help repossession rights under a prior lease. The trial court disagreed and found appellant in contempt. This court reversed appellant's contempt citation, finding that his activities had not violated a current court order. *Highland Square Mgt., Inc. v. Willis & Linnen Co., L.P.A.*, 9th Dist. Nos. 21234 & 21243, 2003-Ohio-2630, 2003 WL 21186291, at ¶ 14.

{¶ 4} Subsequent to the above proceedings, Willis and Willis & Linnen Company, L.P.A., filed suit against Jerome Linnen and appellant. In their complaint, the Willis appellees alleged eight causes of action against appellant, including abuse of process, wrongful eviction, civil conspiracy, trespass, and defamation. As the litigation progressed, appellant informed the opposing parties that he felt that their claims against him were unfounded. Appellant informed them that he would file a counterclaim if the suit against him was not dismissed. Appellees responded that if discovery proved appellant's claims to be

true, then they would dismiss him as a party. When the suit was not dismissed, appellant filed counterclaims against Willis, the Willis law firm, and R. Scott Haley, the attorney for Willis.

{¶ 5} Pertinent to this appeal, appellant made claims against Haley that included abuse of process and malicious prosecution. Haley argued that he was immune from liability because his actions were done solely in his capacity as an attorney. The trial court agreed and granted Haley summary judgment on the claims filed against him. In turn, the trial court also granted summary judgment to the remaining appellees on appellant's counterclaims. Following the voluntary dismissal of the Willis appellees' remaining claims, appellant timely appealed, raising four assignments of error for review. For ease of discussion, appellant's second and third assignments of error will be addressed together.

## II

### Assignment of Error I

The trial court erred in finding that Haley was entitled to absolute privilege.

{¶ 6} In his first assignment of error, appellant argues that the trial court erred in finding that Haley was entitled to absolute immunity. We find that appellant's contentions lack merit.

{¶ 7} Appellant concedes that an absolute privilege against a suit for defamation exists for attorneys, provided that the statements made are reasonably related to the judicial proceeding in which they appear. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 25 OBR 288, 495 N.E.2d 939, syllabus. In order to support his appeal, appellant asserts that his claims, abuse of process and malicious prosecution, do not fall within the privilege. We agree that appellant's claims themselves are not barred by the doctrine of absolute privilege. *Erie Cty. Farmers' Ins. Co. v. Crecelius* (1930), 122 Ohio St. 210, 215, 171 N.E. 97. However, we find that the underlying rationale that supports the absolute privilege doctrine precludes the use of Haley's privileged statements to support appellant's tort claims.

> [T]he rule found its origin in the feeling that great mischief would result if witnesses in courts of justice were not at liberty to speak freely, and if they could not feel an assurance that they would not be subject to suits for slander and libel as a result of testimony freely given. It is of course equally necessary that attorneys should be fully protected in counseling testimony, pleadings, and other proceedings in the usual and regular course of the trial of litigated cases, and for the same reasons that other court officials, including the judge who hears and decides causes, may be unfettered in the discharge of official duties, and may not be deterred from a fearless performance of official duties by a

fear of actions for defamation. The rule is grounded upon public policy, and it is of course recognized that as an incidental result it may in some instances afford immunity to the evil disposed and the malignant slanderer. A witness who offers perjured testimony may of course be subjected to criminal prosecution. Officials who transgress the proprieties without justification may of course be subjected to contempt proceedings. The right to sue for damages for malicious prosecution applies to both civil and criminal causes in this state, and this is of itself an additional safeguard. * * * A contrary rule would manifestly result in a multitude of slander and libel suits, which would not only bring the administration of justice into disrepute, but would, in many instances, deter an honest suitor from pursuing his legal remedy in a court of justice.

Id. at 214–215, 171 N.E. 97.

{¶ 8} " 'Although the result may be harsh in some instances and a party to a lawsuit may possibly be harmed without legal recourse, on balance, a liberal rule of absolute immunity is the better policy * * *.' " *Surace*, 25 Ohio St.3d at 234, 25 OBR 288, 495 N.E.2d 939, quoting *Justice v. Mowery* (1980), 69 Ohio App.2d 75, 77, 23 O.O.3d 100, 430 N.E.2d 960.

{¶ 9} Appellant does not contest that the statements allegedly made by Haley were reasonably related to the judicial proceeding in which they were uttered. Accordingly, the statements made by Haley are protected by privilege. We do not hold that Haley is immune from suit, only that his privileged statements made during the initial litigation may not serve as the basis for a tort claim.

{¶ 10} To the extent that the trial court found Haley's statements to be privileged, we find no error. Appellant's first assignment of error is overruled.

### Assignment of Error II

The trial court erred in granting summary judgment to Haley on the claim for abuse of process because there was evidence of each element of the claim in the record.

### Assignment of Error III

The trial court erred in granting summary judgment on [appellant's] claim for malicious criminal prosecution because there was evidence of each element of the claim in the record.

{¶ 11} In his second and third assignments of error, appellant argues that the trial court erred in granting summary judgment in favor of Haley on appellant's claims for abuse of process and malicious prosecution. We disagree.

{¶ 12} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the

same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 13} Pursuant to Civ.R. 56(C), summary judgment is proper if

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–93, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 15} In support of his motion for summary judgment, Haley used his own affidavit. He asserted that his conduct was protected by privilege because he acted in his capacity as an attorney and that he had not acted outside of that capacity. He further argued that he had acted properly during the contempt proceedings involving appellant.

{¶ 16} In response to Haley's motion for summary judgment, appellant relied upon transcripts of the contempt hearing before the municipal court, transcripts from the current court proceedings, and his own affidavit. In his motion, appellant asserted that Haley had made repeated misrepresentations to the municipal court and had misused the contempt proceedings to further an ulterior motive. Ultimately, the trial court disagreed and granted Haley's motion on each of appellant's claims against him. Appellant appealed the trial court's judgment on his claims of abuse of process and malicious prosecution, which we now address.

## Abuse of Process

■ [T]he three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 298, 626 N.E.2d 115. In his brief, appellant asserts that his contempt proceedings were an abuse of process by Haley. Accordingly, we first examine whether those proceedings were set in motion in proper form and with probable cause.

■ {¶ 17} Probable cause to institute a criminal prosecution is "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Melanowski v. Judy* (1921), 102 Ohio St. 153, 156, 131 N.E. 360, quoting *Ash v. Marlow* (1851), 20 Ohio 119, 1851 WL 16, paragraph one of the syllabus. Contempt of court may be defined as disobedience of a court order or conduct that brings the administration of justice into disrespect or impedes a court's ability to perform its functions. *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph one of the syllabus. Additionally, indirect contempt of court is defined as an act "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *In re Lands* (1946), 146 Ohio St. 589, 595, 33 O.O. 80, 67 N.E.2d 433.

■ {¶ 18} We find that probable cause did exist to warrant the initiation of contempt proceedings against appellant. Appellant acted as the attorney for Linnen during a lengthy legal process that included extensive litigation and arbitration regarding the status of the real estate owned by the parties. In the midst of this contentious litigation, appellant drafted an order of eviction that was signed by a visiting judge, an order that was vacated the following day. Despite the order's being vacated, appellant's client began evicting Willis the day following the vacation of the eviction order.

{¶ 19} Absent any of the allegations concerning appellant's presence during the eviction, the fact remains that he counseled his client that self-help repossession was a viable option. Given the timing of that advice, the trial court found that appellant's assertions regarding self-help repossession were "disingenuous and untenable." The trial court was in a better position than this court to make the credibility assessment essential to such a determination. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 20} The municipal court's order vacating the eviction order clearly contemplated further proceedings in an already lengthy legal fight. Appellant's advice to his client immediately undermined that order by advising his client to proceed with self-help repossession. Viewing the evidence in a light most favorable to appellant, we find that the circumstances presented (ignoring any alleged false statements made by appellees) were sufficiently strong in themselves to warrant a cautious man in the belief that appellant had committed an act, outside the presence of the court, that tended to obstruct the due and orderly administration of justice. *Melanowski*, 102 Ohio St. at 156, 131 N.E. 360; *Lands*, 146 Ohio St. at 595, 33 O.O. 80, 67 N.E.2d 433. Accordingly, we proceed to determine whether appellant demonstrated that Haley had perverted the proceedings to accomplish an ulterior motive.

{¶ 21} Appellant urges that Haley perverted the proceedings because he sought the contempt conviction solely to benefit his client in a subsequent civil case, the instant matter. Appellant urges that proof of this ulterior motive is abundant and compels a finding that Haley perverted the proceedings. We disagree.

{¶ 22} Upon being informed of the eviction of Willis, the municipal court ordered appellant to show cause why he should not be in held in contempt. Haley then argued that appellant should be found in contempt.[1] The trial court held appellant in contempt, and he appealed to this court. Haley defended the appeal to its conclusion and sought review of this court's decision in the Ohio Supreme Court. Appellant has not alleged, and our review of the record does not reveal, any perversion of the process. Haley acted within the bounds of standard trial and appellate procedure throughout the proceedings.

{¶ 23} "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club* (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9. "In an abuse of process case, 'the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.'" Id., quoting Prosser & Keeton on Torts (5 Ed.1984) 898, Section 121. In the instant matter, the trial court had the authority to find appellant in contempt. Further, this court and the Ohio Supreme Court had the authority to review the trial court's order. Accordingly, Haley did not seek to achieve through use of the courts anything that those courts were powerless to order. See, in contrast, *Robb*, 75 Ohio St.3d at 271, 662

---

1. As noted in response to appellant's first assignment of error, Haley's statements, even if false, were entitled to absolute privilege.

N.E.2d 9 (noting that evidence existed that the appellees instituted suit to coerce members to vote in their favor, a result that could not be ordered by the court).

{¶ 24} We find that the mere fact that appellant's contempt conviction may collaterally benefit Haley in the future is insufficient to establish that he perverted the proceedings. Unlike *Robb,* there is no evidence, or even allegation, that Haley sought any collateral advantage *during* the contempt proceedings. Therefore, we find that the trial court properly found that appellant could not establish each of the elements of the tort of abuse of process.

**Malicious Prosecution**

{¶ 25} "The essential elements of a malicious prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant." *Rogers v. Barbera* (1960), 170 Ohio St. 241, 10 O.O.2d 248, 164 N.E.2d 162, paragraph one of the syllabus. As noted above, probable cause existed to support the contempt proceedings against appellant, even without consideration of the alleged false statements made by Haley. Appellant, therefore, cannot establish the elements of the tort of malicious prosecution. Further, we can find no support for appellant's contention that Haley was required to find probable cause in order to defend appellant's appeal or to appeal from this court's decision. This court notes, however, that the facts that support our finding of probable cause were not altered throughout the contempt proceedings, i.e., testimony from the contempt proceedings supported the allegations that appellant had counseled his client to engage in self-help repossession the day after the municipal court had vacated the eviction order. Probable cause, therefore, existed at each stage of the litigation. Accordingly, the trial court properly granted summary judgment against appellant on his claim for malicious prosecution.

{¶ 26} The trial court properly granted summary judgment against Appellant on his claims for abuse of process and malicious prosecution as he could not produce evidence to satisfy the elements of each tort. Appellant's second and third assignments of error are overruled.

### Assignment of Error IV

The trial court erred in granting summary judgment in favor of Willis without allowing [appellant] the opportunity to respond pursuant to Civ.R. 56 and Summit County Local Rule 7.14(C)(1).

{¶ 27} In his final assignment of error, appellant asserts that the trial court erred when it failed to permit him to respond to Willis's motion for summary

judgment.[2]  We agree.

{¶ 28} Willis's motion for summary judgment was granted two days after it was filed with the court.  Willis urges that the trial court did not consider his motion and found that appellant had not provided evidence on each of the elements of his claim.  Willis, however, ignores the plain language of the trial court's order.  "This matter came before the court on motion of Plaintiff's Mark Willis and Willis & Linnen Co. L.P.A. for summary judgment."  Further, the trial court is not permitted to sua sponte enter summary judgment.  *Flood Co. v. St. Paul Fire & Marine Ins. Co.*, 9th Dist. Nos. 21679 and 21683, 2004-Ohio-1599, 2004 WL 628227, at ¶ 12.

{¶ 29} It is undisputed that appellant was not given the opportunity to respond to Willis's motion for summary judgment.  However, such a response is implicit in Civ.R. 56(C), which provides that the "adverse party, prior to the day of the hearing, may serve and file opposing affidavits."  In addition, Summit County Local Rule 7.14(C)(1) provides as follows:

> A party opposing a motion for summary judgment made pursuant to Civil Rule 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by Civil Rule 56(C)) within fourteen (14) days of service of the motion.

Because appellant was the nonmoving party, upon Willis's meeting his initial burden, appellant would then have a reciprocal burden to demonstrate that a genuine issue of material fact remained.  *Dresher*, 75 Ohio St.3d at 292–293, 662 N.E.2d 264.

{¶ 30} The trial court erred when it failed to permit appellant to respond to Willis's motion for summary judgment and attempt to meet his reciprocal burden.  Accordingly, appellant's fourth assignment of error is sustained.

### III

{¶ 31} Appellant's first, second, and third assignments of error are overruled.  Appellant's fourth assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas is affirmed to the extent that it granted judgment in favor of Haley and reversed to the extent that it granted judgment in favor of Willis and Willis & Linnen Company, L.P.A.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SLABY, P.J., and CARR, J., concur.

---

2.  For ease, we will refer to Willis and Willis & Linnen, L.P.A., simply as Willis.